**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION**

**EDDIE STRONG,**                                                                        **PETITIONER**

v.                                                                                            **No. 4:11CV77-A-A**

**SHERIFF MILTON GASTON, ET AL.**                                       **RESPONDENTS**

**MEMORANDUM OPINION**

This matter comes before the court on the *pro se* petition for Eddie Strong for a writ of *habeas corpus* under 28 U.S.C. § 2254. The state has responded to the petition, and Strong has replied in a pleading he has characterized as a motion to quash. The matter is ripe for resolution. For the reasons set forth below, the state's motion to dismiss will be granted and the petition dismissed for failure to state a claim upon which relief could be granted.

**Facts and Procedural Posture**

On June 23, 2011, Petitioner Strong filed a petition for writ of habeas corpus in this Court pursuant to 28 U.S.C. §2254. ECF doc. 1. At that time, Strong was a pre-trial detainee with charges pending in Washington County Circuit Court Cause No. 2010-0367. However, on August 18, 2011, after Strong filed his petition but before the date on which this Court required Respondents to answer, Petitioner pled guilty to domestic aggravated assault in the Circuit Court of Washington County, Mississippi, and was sentenced to a term of twenty (20) years in the custody of the Mississippi Department of Corrections with three (3) years to serve, five (5) years of post-release supervision and twelve (12) years of unsupervised probation.

In his habeas petition, Strong raises the following grounds for relief (summarized by the court):

Ground One: Petitioner is being falsely imprisoned for the charge of kidnaping.

Ground Two: Petitioner is subjected to cruel and unusual punishment because his bond was set too high, he was denied the privilege of making phone calls and he was not receiving adequate medical care for a hurt back.

Ground Three: Petitioner's life is in danger from other inmates due to inoperable cell doors and inadequate supervision by guards.

Ground Four: Petitioner is suffering mental distress.

In his prayer for relief, Strong requests that this Court give him "time serve[ed] and release from custody with career still intact." ECF doc. 1, pg. 14. The allegations in the petition, however, fail to state a claim upon which habeas corpus relief can be granted. Instead, all of Strong's allegations, except that the state held him illegally and should release him, could only be raised properly in a case filed under 42 U.S.C.A. §1983, as these grounds for relief challenge his conditions of confinement. *See Preiser v. Rodriguez*, 411 U.S. 475, 93 S.Ct. 1827 (1973) (a discussion of the difference between actions properly brought under 28 U.S.C.A. §2254 and 42 U.S.C.A. §1983).

As to the ground of illegal detention under the charge of kidnapping, this claim is now moot. Strong was not convicted of the kidnapping charge; instead he pled guilty to domestic aggravated assault charge. For these reasons, Strong has failed to allege any ground for relief under 28 U.S.C. §2254. As such, petition for a writ of *habeas corpus* will be dismissed with prejudice for failure to state a claim upon which relief could be granted. A final judgment consistent with this memorandum opinion shall issue today.

**SO ORDERED,** this the 26th day of March, 2012.

/s/ Sharion Aycock
**U.S. DISTRICT JUDGE**